IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDAL TENORIO | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-3760 |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of Social Security[1] | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                             OCTOBER 11, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

On July 13, 2016, Plaintiff Vidal Tenorio ("Plaintiff") filed a counseled complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Defendant Carolyn W. Colvin, the then-Acting Commissioner of the Social Security Administration ("Defendant"), which denied his application for disability insurance benefits ("DIB") presented under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 1461 *et seq*.[2] [ECF 3]. Consistent with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, this matter was randomly referred to United States Magistrate Judge Thomas J. Rueter (the "Magistrate Judge") for a *Report and Recommendation* ("R&R"). [ECF 11]. On April 18, 2017, the Magistrate Judge issued a thorough and well-reasoned R&R, recommending that Plaintiff's request for review be denied. [ECF 13]. Plaintiff timely filed objections to the R&R in which he argued that he

---

[1] At the time Plaintiff filed his complaint, Carolyn W. Colvin ("Colvin") was the Acting Commissioner of Social Security. On January 23, 2017, Nancy A. Berryhill succeeded Colvin as Acting Commissioner. Thus, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is substituted as the named defendant. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff initially moved for leave to proceed *in forma pauperis*. [ECF 1]. Plaintiff's motion was granted on July 13, 2016, and the Clerk of Court was directed to docket Plaintiff's complaint. [ECF 2].

1

Magistrate Judge erred in upholding the Administrative Law Judge Barbara Artuso's ("ALJ") decision that Plaintiff was not disabled despite the fact that the ALJ did not sufficiently explain Plaintiff's residual functional capacity at step four and failed to properly assess Plaintiff's credibility. [ECF 14]. Defendant filed a response. [ECF 16].

After a comprehensive *de novo* review of Plaintiff's objections, the R&R, Defendant's responses, and the administrative record, for the reasons set forth herein, this Court overrules Plaintiff's objections, approves and adopts the R&R, and denies Plaintiff's request for review.

**BACKGROUND**

The following is a succinct summary of the facts and the procedural history of this case as gleaned from the administrative record ("R."), the R&R, and Plaintiff's objections to the R&R; *to wit*:

> On February 28, 2013, Plaintiff filed an application for DIB and alleged an onset date of disability of October 27, 2012, (R. at 163), caused by impairments to his back. (R. at 69). After Plaintiff's application was denied, he filed a request for an administrative hearing. (R. at 69, 78-79). On May 19, 2014, Plaintiff, proceeding *pro se*, appeared at an administrative hearing where an interpreter was present. (*See* R. at 53-59). The administrative law judge continued the hearing to allow Plaintiff to obtain representation. (*Id.*).
>
> On January 27, 2015, the parties reconvened for a hearing before Administrative Law Judge Barbara Artuso (the "ALJ"). (R. at 17-25). Plaintiff, represented by counsel, appeared and testified through an interpreter. (*See id.*). The ALJ also considered the testimony of the vocational expert ("VE") Irene Montgomery, *id.*, and the medical evidence in the record, including a report from Dr. Leon H. Venier ("Dr. Venier"), a physician who performed a consultative evaluation on Plaintiff on May 30, 2013. (*See* R. at 395-400).
>
> On July 1, 2015, the ALJ issued a written decision in which she concluded that, although Plaintiff suffered degenerative disc disease of the lumbar spine, degenerative facet changes, left shoulder tendinitis, and obesity, he was not disabled under the Act, and had the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b), with certain limitations. (*See* R. at 14-25). Plaintiff appealed the denial of benefits and the ALJ's decision was affirmed by the Appeals Council on May 25, 2016, (*see* R. at 1-5), making the

ALJ's decision the final decision of the Commissioner. This request for judicial review followed.

**LEGAL STANDARDS**

To qualify for DIB benefits, a claimant must prove a disability; *i.e.,* that he has an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Under the Act, the claimant has the burden of proving the existence of a disability and must furnish medical evidence indicating the severity of the impairment. *Id.* § 423(d)(5). A claimant satisfies this burden by showing an inability to return to former work. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). Once this standard is met, the burden of proof shifts to the Commissioner to show that given the claimant's age, education, and work experience, the claimant has the ability to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

To determine whether a claimant is disabled, an ALJ must employ a five-step sequential evaluation process ("the five-step sequential analysis") outlined in the Social Security Regulations (the "Regulations"). *See* 20 C.F.R. § 404.1520(a)(1). The five-step sequential analysis must be followed in order, and if the claimant is determined to be, or not to be, disabled at a particular step of the evaluation process, the evaluation does not proceed to the next step. *Id.* § 404.1520(a)(4). The five-step sequential analysis requires the ALJ to consider the following:

> At step one, [the ALJ] must determine whether the claimant is currently engaging in substantial gainful activity. If the claimant is found to be engaged in substantial activity, the disability claim will be denied; otherwise the evaluation proceeds to step two.

At step two, the [the ALJ] must determine whether the claimant has an impairment that is severe or a combination of impairments that is severe. If the claimant fails to show that the impairment or combination of impairments is "severe," claimant is ineligible for disability benefits; otherwise, the evaluation proceeds to step three.

At step three, the [the ALJ] must determine whether the claimant's impairment or combination of impairments is of a severity sufficient to meet or medically equal the criteria listed in Part 404, Subpart P, Appendix 1 (the "Listings").[3] If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.

At step four, the ALJ must first consider whether the claimant retains the residual functional capacity to perform past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work.

If the claimant is unable to resume [his] former occupation, the evaluation moves to the final step. At step five, the ALJ must determine whether the claimant, consistent with the claimant's medical impairments, age, education, past work experience, and residual functional capacity, is capable of performing other available work in the national economy. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether claimant is capable of performing work and is not disabled.

*See id.* §§ 404.1520(a)(4)(i)-(v); *Dismuke v. Comm'r of Soc. Sec.,* 309 F. App'x 613, 615-16 (3d Cir. 2009); *see also Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir. 1999). A claimant bears the burden of proving steps one through four by substantial evidence. *See Plummer,* 186 F.3d at 428. At step five, the burden shifts to the Commissioner. *Id.* at 428. Here, after an evidentiary hearing and applying the five-step sequential analysis, the ALJ found Plaintiff not disabled.

Judicial review of an administrative decision is limited in scope. In reviewing a final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, a court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual

---

[3] If a claimant's impairment is in the Listings or is found to be equivalent to a listed impairment, this raises a presumption of disability that makes further inquiry into work ability unnecessary. *See Sullivan v. Zebley,* 493 U.S. 521, 532 (1990).

4

findings of the ALJ to determine whether the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id*. (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

When considering objections to a magistrate judge's report and recommendation, a court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc*., 150 F.3d 245, 250 (3d Cir. 1998). This is true even where the objections merely reiterate the legal arguments previously presented to and considered by the magistrate judge. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, the ultimate issue to be decided is whether the Commissioner's final decision was supported by substantial evidence. *See Rutherford,* 399 F.3d at 552.

**DISCUSSION**

In her objections, Plaintiff essentially reasserts, with a distinction, the identical arguments made in her brief and statement of issues presented to the Magistrate Judge; *to wit:* the ALJ did not sufficiently explain her assessment of Plaintiff's residual functional capacity at step four and failed to properly assess Plaintiff's credibility. The distinction made is that in the objections, Plaintiff objects to the Magistrate Judge's rationale for rejecting Plaintiff's arguments and

attributes error to the Magistrate Judge. Though Plaintiff's objections merely parrot arguments provided to and addressed by the Magistrate Judge, this Court will conduct a *de novo* review of Plaintiff's specific objections. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

*First Objection*

Plaintiff's first objection reasserts an argument made in his opening brief; namely, the "egregious flaw in the ALJ's decision is the [ALJ's] failure to explain, or even clearly state, her findings with respect to" Plaintiff's standing and walking limitations. (*See* Pltf.'s Objections [ECF 14] at 2). Plaintiff argues that an apparent inconsistency between Dr. Venier's opinion that Plaintiff has some standing and walking limitations and the ALJ's finding at step four that Plaintiff has the residual functional capacity ("RFC") to perform light work without any sitting or standing limitations, was not resolved. Plaintiff further contends that the ALJ's RFC assessment was improper because she failed to perform a function-by-function analysis of Plaintiff's physical limitations as required by Social Security Ruling ("SSR") 96-8p.[4]

RFC is defined as the most a claimant can still do despite a claimant's physical or mental limitations. 20 C.F.R. § 416.945(a)(1). In evaluating a claimant's RFC, an ALJ must consider all relevant evidence, including medical opinions, statements from medical sources, and the claimant's statements about his or her impairments. 20 C.F.R. § 416.945(a)(3); *Fargnoli v.*

---

[4] SSR 96–8p provides that an individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). Before an ALJ classifies a claimant's RFC based on exertional levels of work (*i.e.,* whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), he "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945." *Id.* at *1. The functions described in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945 include, *inter alia*, physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions. *Id.* at *5-6. S.S.R. 96–8p cautions that "a failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions," which "could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work" and "an erroneous finding that the individual is not disabled." *Id.* at *4.

*Massanari*, 247 F.3d 34, 41 (3d Cir. 2001). In addition, all claimed impairments, both severe and non-severe, must be factored into an RFC determination. 20 C.F.R. §§ 416.920(e), 416.945. The ALJ must explain the reasons for the weight given to the medical opinions, as well as the degree to which a claimant's testimony is credited. *Id.* § 404.1527(e)(2)(ii); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit, however, does not require an ALJ to perform a "function-by-function" analysis at step four, so long as the ALJ's RFC determination is supported by substantial evidence in the record. *See Bencivengo v. Comm'r of Soc. Sec.,* 251 F.3d 153 (table), No. 00-1995, slip op. at 4 (3d Cir. Dec. 19, 2000) (rejecting the notion that SSR 96-8p requires an ALJ to "make specific, written findings on dozens of individual work function categories" and opining that while a written function-by-function analysis at step four is desirable, it is not required); *see also Gaul v. Barnhart*, 2008 WL 4082265, at *7 (E.D. Pa. Aug. 25, 2008) (rejecting argument that case must be remanded on the ground that the ALJ did not perform a function-by-function analysis in determining the plaintiff's RFC).

Here, in determining Plaintiff's RFC, the ALJ thoroughly discussed Plaintiff's testimony, his medical history and his self-reported limitations and abilities, the witness testimony, and other medical and non-medical evidence in the record, before concluding that Plaintiff had the RFC to perform light work with no standing and/or walking limitations. (*See* R. at 21-23). In so doing, the ALJ assigned great weight to the opinion of Dr. Venier, who had opined that Plaintiff could stand and walk, in combination, a total of seven hours per day. (*See id.* at 22). This Court agrees with the Magistrate Judge's finding that the ALJ's RFC assessment is supported by substantial evidence and comports with the definition of light work, as set forth in the applicable regulations. *See Titles II and XVI: Determining Capability to Do Other Work—The Medical*

*Vocational Rules of Appendix 2,* 1983 WL 31251, at *6 (1983) (noting that the Regulations define "light work" as requiring "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday"). This Court finds that the ALJ did not err in the RFC assessment, which is consistent with the opinions offered by Dr. Venier and the evidence in the record. (*See also* R&R at pp. 10-15). Accordingly, Plaintiff's first objection is overruled.

### *Second Objection*

In his second objection, Plaintiff contends that the ALJ did not sufficiently explain why she found portions of Plaintiff's testimony not credible and, instead, made a "conclusory assertion" that Plaintiff's subjective complaints were not consistent with the medical evidence of record. In the response, Defendant contends that Plaintiff's argument regarding the insufficiency of the ALJ's credibility analysis must fail because Plaintiff neglects to read the decision as a whole, and the conclusion Plaintiff can perform light work is supported by substantial evidence.

Although an ALJ must give serious consideration to a claimant's subjective complaints of pain, even when those complaints are not completely supported by objective evidence, *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993), an ALJ may discredit a claimant's complaints of pain where they are contradicted by medical evidence in the record, so long as the administrative judge explains the basis for doing so. *Id.*; *see also Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir. 1983); *Weber v. Massanari*, 156 F. Supp. 2d 475, 485 (E.D. Pa. 2001) (noting that an ALJ "has the right, as the fact finder, to reject partially, or even entirely" a claimant's subjective complaints if they are not credible) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). If the ALJ determines that a claimant is not credible, the ALJ must explain its rationale with sufficient specificity to permit intelligible plenary review of the record. *See Schaudeck v. Comm'r of Soc. Sec. Admin.,* 181 F.3d 429, 433 (3d Cir. 1999); *Burnett v. Comm'r of Soc. Sec.*

*Admin.*, 220 F.3d 112, 122 (3d Cir. 2000); *Schwartz v. Halter,* 134 F. Supp. 2d 640, 654 (E.D. Pa. 2001). When assessing a claimant's assertions of pain, the ALJ may consider not only the medical evidence, but also:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements,* SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. §§ 404.1529(c)). Ultimately, if an ALJ's findings with respect to the claimant's credibility are supported by substantial evidence in the record, the findings are entitled to deference. *See Szallar v. Comm'r of Soc. Sec.*, 631 F. App'x 107, 110 (3d Cir. 2015) (noting that "the ALJ's assessment of [a claimant's] credibility is entitled to . . . substantial deference") (citing *Zirnsak v. Colvin*, 777 F.3d 607, 612-13 (3d Cir. 2014)).

This Court agrees with the Magistrate Judge's conclusion that the ALJ sufficiently explained her reasons for discounting Plaintiff's credibility, and that her credibility determination is supported by the record as a whole. Succinctly, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible, (R. at 21), when considered in light of the medical records reviewed. (R. at 22). Plaintiff's complaints were discounted due to inconsistencies between his testimony and other evidence in the record, including Dr. Venier's clinical findings, the level of Plaintiff's self-offered daily activities, and his treatment history. (*See id.*). As analyzed in the R&R and its own

review, this Court is satisfied with the ALJ's explanations for discounting Plaintiff's complaints and concurs with the Magistrate Judge's finding that the ALJ's assessment of Plaintiff's credibility is entitled to due deference. Accordingly, Plaintiff's second objection is overruled.

**CONCLUSION**

After careful review of the evidence in the record and the submissions of the parties, this Court finds that substantial evidence exist in the administrative record to support the decision of the ALJ. Accordingly, for the reasons stated herein, Plaintiff's objections are overruled, the R&R is approved and adopted, and Plaintiff's request for review is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.